IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CURTIS DAUER,

                Plaintiff,                ORDER

  v.

                                                      09-cv-635-wmc[1]

ROMAN KAPLAN, M.D. and
BETH A. DITTMANN,

              Defendants.

In a November 12, 2009 order, the Court allowed plaintiff Curtis Dauer to proceed on Eighth Amendment deliberate indifference and state medical malpractice claims against defendants Roman Kaplan and Beth Dittmann. On June 18, 2010, Kaplan and Dittmann filed a motion for summary judgment. That same day, Dauer filed an amended complaint adding claims against two new defendants. On June 22, 2010, Kaplan and Dittmann filed a motion to strike the amended complaint.

At this late date, Dauer requires the Court's permission to amend his complaint without written consent from defendants. Fed. R. Civ. P. 15(a)(2). Dauer's submission will therefore be construed as a motion for leave to amend his complaint. Although the Court must freely grant a party leave to amend its pleadings "when justice so requires," *id.*, a request to amend may be denied on several grounds, including undue delay, undue prejudice to the party opposing the

---

[1] This case was assigned to Judge William M. Conley pursuant to a March 31, 2010 administrative order.

motion or futility of the amendment. *Sound of Music v. Minnesota Mining and Manufacturing Co.*, 477 F.3d 910, 922-23 (7th Cir. 2007).

In their motion to amend, Kaplan and Dittmann argue that "allowing plaintiff to amend his complaint at this late date would require the court to vacate the scheduling order to allow the defendants to research and file a dispositive motion on behalf of the new defendants." This argument in and of itself is not a reason to strike the amended complaint, particularly because Dauer does not seek to amend the allegations against Kaplan and Dittmann. It appears, therefore, that briefing on the pending summary judgment motion can proceed without them being forced to amend their summary judgment materials to respond to new allegations. Accordingly, Dauer's motion for leave to amend his complaint will be granted, and Kaplan and Dittmann's motion to strike the amended complaint will be denied. Should Dauer's new allegations survive screening, the Court will amend the scheduling order to provide the new defendants an opportunity to file dispositive motions.

## ORDER

IT IS ORDERED that:

1. Plaintiff Curtis Dauer's motion for leave to amend his complaint, dkt. #20, is GRANTED.

2. Defendants Roman Kaplan and Beth Dittmann's motion to strike the amended complaint, dkt. #23, is DENIED.

3. Briefing on defendants Kaplan and Dittmann's motion for summary judgment will be set

as follows: plaintiff will have **until July 16, 2010** to file his opposition materials and defendants will have **until July 30, 2010** to file their materials in reply, if any.

4. Plaintiff's amended complaint will be taken under advisement for screening under 28 U.S.C. § 1915A.

Entered this 25th day of June, 2010.

                            BY THE COURT:

                            /s/
                            _____
                            WILLIAM M. CONLEY
                            District Judge